523 P.2d 830

**Ray K. AUE, Jr., Personal Representative of Jerry Bruce Aue, Deceased, Plaintiff-Appellant,**

**v.**

**Jackie Anderson ERICKS, Defendant-Respondent.**

**No. 11398.**

Supreme Court of Idaho.

June 19, 1974.

Rehearing Denied July 10, 1974.

4. 93 Idaho 755, 472 P.2d 321 (1970).

5. *Id.*, at 758 of 93 Idaho, at 324 of 472 P.2d.

**14**

Winfred B. Moorer, Moscow, for plaintiff-appellant.

Allen V. Bowles, Moscow, Daniel W. O'Connell, Wynne M. Blake, Lewiston, for defendant-respondent.

BAKES, Justice.

This is an appeal from a judgment of the district court which granted defendant-respondent· Ericks' motion for summary judgment and awarded her the $12,000 proceeds of a group life insurance policy upon the life of Jerry Bruce Aue, hereinafter decedent. The appellant, Ray K. Aue, Jr., is the father and personal representative of the estate of decedent. Decedent had not lived with his father for several years, and from shortly after Christmas of 1970 until his death in July of 1972 had lived in the home of the respondent Jackie Anderson Ericks. On January 19, 1972, while decedent was then 18 years of age, he became an insured under a group life insurance policy of his employer, Potlatch Forests, Inc., in the amount of $6,000, together with an acci-dental death benefit of an additional $6,000. The insurer under the group policy was John Hancock Mutual Life Insurance Company. On July 25, 1972, decedent was killed in a sawmill accident. At the time of his death, decedent was 19 years of age. Respondent Jackie Anderson Ericks was named beneficiary under the policy. Respondent insurance company paid the $12,000 owing under the policy into the court. The dispute herein is between appellant Ray K. Aue, Jr., and the respondent Jackie Anderson Ericks over the insurance proceeds.

Appellant contends that under I.C. § 41–1807, the deceased could not designate respondent as a beneficiary under the policy because he was a minor, i. e., 18 years of age, at the time the policy was taken out, and that the respondent Mrs. Ericks had no insurable interest in the decedent at the time of his taking out the policy. The trial court found that the decedent was emancipated and therefore *sui juris* and that an emancipated minor was excluded from the limitations imposed by I.C. § 41–1807. However, we need not reach appellant's contention concerning the trial court's judgment in view of this Court's decision in Harrigfeld v. District Court, 95 Idaho 540, 511 P.2d 822 (1973), decided subsequent to the entry of the judgment by the trial court. *Harrigfeld* held that the discrimination between males and females in I.C. § 32–101 concerning the age at which they reach their majority was unconstitutional, and that males reach their majority at age 18, the same as females. As a result of the decision in the *Harrigfeld* case, the decedent, being 18 years of age, was no longer a minor on January 19, 1972, the date on which he became an insured under the group life insurance policy. Therefore, decedent was competent to designate respondent as beneficiary under the policy.

Judgment of the district court is affirmed. Costs to respondent.

SHEPARD, C. J., and DONALDSON, McQUADE and McFADDEN, JJ., concur.